UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEITH JENNINGS, :
:
    Petitioner : No. 3:CV-13-1645
:
v. : (Judge Nealon)
:
ERIC HOLDER, :
:
    Respondent :

FILED
SCRANTON
AUG 0 1 2013
PER _____
DEPUTY CLERK

**MEMORANDUM**

Keith Jennings, an inmate presently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jennings challenges the validity of his conviction and sentence imposed by the United States District Court for the Northern District of New York. (Doc 1). Along with his petition, Jennings filed a motion to proceed in forma pauperis. (Doc. 2).

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof. For the reasons set forth below, Petitioner will be granted in forma pauperis status for the sole purpose of filing this action, and the petition will be dismissed without prejudice as meritless.

I. **Background**

On December 2, 1998, the Government filed an indictment charging Petitioner in connection with a narcotics conspiracy based in Utica, New York. See USA v. Jennings Crim. Action No. 5:98-cr-00418-TJM-1(N.D. New York 1998).

On March 17, 1999, Petitioner was tried on seven counts: engaging in a continuing criminal enterprise ("CCE"); conspiracy to distribute cocaine, cocaine base, and marijuana;

possession with intent to distribute cocaine; possession with intent to distribute cocaine base; and conspiracy to commit money laundering. Id. After a jury trial, Petitioner was found guilty on all counts. Id. During sentencing, the trial court placed Petitioner at a base offense level of 38 with a level II criminal history. Id. The court applied a four-point enhancement for Petitioner's leadership role in the CCE and another two-point enhancement for the use of a minor during the course of a drug trafficking crime. Id. This resulted in a total offense level of 44, which was reduced to 43, the maximum level under the United States Sentencing Guidelines. Id. Based on this calculation, Petitioner was sentenced to life imprisonment on the CCE and the substantive cocaine base charges. Id. In addition, Petitioner was sentenced to 20 years each on the substantive cocaine counts and the conspiracy to commit money laundering count. Id. The narcotics conspiracy was vacated as a lesser included offense of the CCE conviction. Id.

After trial, Petitioner filed a timely appeal to the United States Court of Appeals for the Second Circuit. Id. On appeal, Petitioner claimed that the trial court erroneously failed to instruct the jury that it was required to find three prior violations of Title 21 to convict him on the CCE count. Id. Petitioner also contended that there was insufficient evidence of the quantity of drugs involved in the conspiracy to support a base offense level of 38. Id. Likewise, Petitioner asserted that because drug quantity was neither charged nor submitted to the jury, Petitioner's sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), which entitles a criminal defendant to notice and jury determination of every element of a charged crime, id. at 476–77. Id. Petitioner further argued that the trial court erroneously enhanced his offense level for Petitioner's use of minors in the course of the conspiracy and incorrectly calculated his criminal history by including a conviction for conduct that was part of the instant offense. Id.

2

The Second Circuit Court of Appeals affirmed Petitioner's conviction. United States v. Jennings, 29 Fed. App'x. 645 (2d Cir. 2002). The Second Circuit found that any error in the jury instructions was harmless because the jury unanimously agreed upon four separate violations of the drug laws. Id. at 5. The Circuit Court also found that the trial court correctly calculated a base level of 38 because Petitioner was responsible for 29,240 kilograms of marijuana in documented undercover buys and the estimated quantities provided by several confidential informants pushed the overall amount above the 30,000 kilograms required for a base level of 38. Id. at 5–6. The Second Circuit explained that, to fall below this threshold, it would have to discredit all informant testimony, which it was unwilling to do. Id. at 6. The Circuit Court also held that the two-point enhancement for use of a minor was correct because, even if the enhancement did not properly apply to the CCE count, it would nevertheless attach to the cocaine and cocaine base convictions. Id. Finally, the Second Circuit affirmed the use of Petitioner's prior conviction to place him in Criminal History Category II. Id.

On October 1, 2003, Jennings filed a motion to vacate pursuant to 28 U.S.C. § 2255. See United States v. Jennings Crim. Action No. 5:98-cr-00418-TJM-1(N.D. New York 1998). Petitioner alleged seven grounds in support of his motion to vacate, set-aside, or correct his sentence: (1) that the trial court's jury instructions for the CCE charge were erroneous; (2) that the trial court erred in determining the base offense level; (3) that the trial court erred in determining Petitioner's criminal history; (4) that the trial court should have applied certain amendments to the Sentencing Guidelines to reduce his sentence; (5) that the Government failed to meet its burden of proving every element of the CCE count; (6) that Petitioner was deprived of his constitutional right to the effective assistance

3

of counsel; and (7) that the trial court imposed life sentences in violation of the Supreme Court's recent ruling in United States v. Booker, 543 U.S. 220 (2005). Id.

On July 11, 2007, Jennings' 2255 motion was denied. Id. On December 10, 2010, Jennings filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. See Jennings v. Martinez, Civil No. 4:CV-10-2518. In his petition, Jennings stated that the respondent

> has custody of petitioner by virtue of an unconstitutional trial proceeding conducted in the Court of the Northern District of New York, whereby due to its repugnance to the constitution and the laws of the United States, petitioner was unconstitutional in violation of due process of law clause simply pronounced guilty of count one: 21 U.S.C. 848(a)(b)(c); count two: 21 U.S.C. 841(a)(1) and 846; count three: 21 U.S.C. 841(a)(1); count six: 21 U.S.C. 841(a)(1); count nineteen: 21 U.S.C. 841(a)(1); count twenty-two: 21 U.S.C. 841(a)(1); county twenty-five: 18 U.S.C. 1956(h).

Id. Petitioner further stated that he was "only convicted of 21 U.S.C. 848(a) and (c), but was committed to the BOP on 848(b), because [he] was committed to the BOP in Allenwood under 848(b) the warden, unlawfully holding the petitioner without a court order." Id. Thus, Petitioner requested he be granted his immediate release from unlawful custody and illegal imprisonment. Id.

By Memorandum and Order dated December 17, 2010, the petition was dismissed for lack of jurisdiction. Id. By Order dated January 23, 2012, the United States Court of Appeals for the Third Circuit affirmed this Court's December 17, 2010 dismissal. Id.

On May 30, 2013, Jennings filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, again challenging the validity of his conviction and sentence imposed by the United States District Court for the Northern District of New York. (Doc. 1, petition).[1]

---

1. The Court takes judicial notice of the fact that Petitioner currently has an appeal in his criminal case pending before the United States Court of Appeals for the Third Circuit, raising the same issues contained within the instant action. See USA v. Jennings, No. 13-1724.

4

II. **Discussion**

A. **Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007) (Kosik, J.). Those rules are applicable to § 2241 petitions under Rule 1(b). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." U.S.C. Sec 2254 Cases R 4. "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself....'" Gorko v. Holt, 2005 WL 1138479, *1 (M.D. Pa. May 13, 2005) (McClure, J.) (quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir.1970)).

B. **Second or Successive Petition**

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Title 28 U.S.C. § 2244 authorizes dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey v. Zant, 499 U.S. 467, 483 (1991). Specifically § 2244 states in relevant part:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus except as provided in section 2255....
>
> 3(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Jennings previously filed an unsuccessful § 2241 petition with this Court. The issues raised in Petitioner's present habeas corpus action were asserted in his prior unsuccessful habeas corpus petition. There is also no indication that Jennings applied for and was granted leave to file a second or successive § 2241 petition by the United States Court of Appeals for the Third Circuit.

Thus, because the grounds raised herein were previously raised in Jennings' prior federal habeas corpus proceedings, this action is tantamount to a successive petition and is subject to dismissal pursuant to 28 U.S.C. § 2244(a).

**C. Title 28 U.S.C. § 2255**.

The usual avenues for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is via direct appeal or through submission of a motion under 28 U.S.C. § 2255 in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). According to the docket of Petitioner's criminal case, Jennings has filed an appeal which is presently pending before the United States Court of Appeals for the Second Circuit. See USA v. Jennings, et al., Crim. Action

No. 5:98-cr-00418-TJM-1 (N.D. New York 1998). The docket contains no indication that the Court of Appeals has rendered a disposition with respect to Petitioner's appeal.

Since Jennings presently has an appeal pending before the Second Circuit Court of Appeals, his present request for relief under § 2241 is clearly premature. Furthermore, in the event Jennings' appeal is unsuccessful, the next available avenue for him to challenge the legality of his federal conviction and sentence is via an action under § 2255.

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255'." Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, *1 (10th Cir. Oct. 26, 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of ... detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

It has long been the rule in this Circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of ... detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." United States v.

7

Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citation omitted); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (same).

Based on the foregoing analysis, Petitioner may not presently assert his challenges to the legality of his federal criminal conviction under § 2241. Accordingly, his petition will be dismissed without prejudice. Jennings, if he so chooses, may reassert his present claims via his pending appeal, or by filing a § 2255 petition. A separate Order will be issued.

Dated: August 1, 2013

**United States District Judge**